**In re Mark WOOD, Debtor.**

**Ross Johnson, Plaintiff,**

v.

**Mark Wood, Defendant.**

**Bankruptcy No. 02–90473.**
**Adversary No. 02–9035.**

United States Bankruptcy Court,
C.D. Illinois.

Dec. 19, 2002.

Ronald E. Boyer, Watseka, IL, for Debtor.

Glen R. Barmann, Kankakee, IL, trustee.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court on a Motion to Compel Response to Discovery Request and Motion for Leave to File Amended Complaint; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Findings of Fact

On May 17, 2002, Plaintiff, Ross Johnson, filed a Complaint to Determine Dischargeability alleging that a debt due from the Defendant/Debtor to the Plaintiff was non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6). In his Answer to Complaint to Determine Dischargeability, filed on June 17, 2002, the Debtor admitted paragraph 16 of the Plaintiff's Complaint to Determine Dischargeability, which stated:

16. Between July of 2001, when Plaintiff made the foregoing payment demand and request for information about accounts receivable, and February 14, 2002, when the Debtor filed this bankruptcy proceeding, the Debtor knowingly caused accounts receivable which secured the aforesaid indebtedness to Plaintiff to be converted and used for purposes other than payment upon said secured indebtedness.

Given that the Defendant/Debtor admitted paragraph 16 of the Complaint to Determine Dischargeability, the only issues for trial in this matter concern whether the Debtor intended to cause injury to the Plaintiff, and, if so, the amount of damage caused.

On August 26, 2002, Plaintiff's attorney served upon Defendant's attorney a Request for Production of Documents. Despite repeated requests from Plaintiff's attorney, as of the date of hearing on this matter, the Defendant has failed to turn over the majority of the documents requested, offering as an excuse that said documents were destroyed by individuals now occupying the building where he previously conducted business.

In his Motion to Compel Response to Discovery Request filed on November 7, 2002, and the Supplement to Motion to Compel Response to Discovery Requested filed on November 26, 2002, the Plaintiff requests that the Defendant/Debtor be compelled to supply a copy of each of the remaining items listed in the Request for Production of Documents which have not yet been furnished by a specific date, and that sanctions be imposed against the Defendant, pursuant to Rule 7037(a)(4) of the Federal Rules of Bankruptcy Procedure, for the Defendant/Debtor's continued failure to respond to the Request for Production of Documents.

■ A review of the record of this adversary proceeding and the explanations offered by the Defendant/Debtor for his failure to fully comply with the Request for Production of Documents made by the

Plaintiff lead the Court to conclude that the Defendant/Debtor has not made a good faith effort to supply records and documentation requested. As such, the Court finds it appropriate to sanction the Defendant/Debtor, under the authority of Rule 7037 of the Federal Rules of Bankruptcy Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure, in the amount of $500 as and for attorney's fees for Plaintiff's attorney. This sanction represents time which has been required to be spent by Plaintiff's attorney to acquire documents from the Defendant/Debtor which should have been voluntarily supplied. The Court further finds that the Defendant/Debtor should be directed to fully cooperate with all of Plaintiff's efforts to obtain documents and financial information pertaining to the Defendant/Debtor's business affairs, including, but not limited to, obtaining information from financial institutions which the Defendant/Debtor used in the conduct of his business. The Court further finds that the Defendant/Debtor should use every effort to produce documents which he may still have in his possession and to use every effort to obtain documents which may continue to be stored in the building in which he previously conducted business. Failure of the Defendant/Debtor to make every effort to comply with the Plaintiff's discovery requests may result in further sanctions, including, but not limited to, entry of a default judgment pursuant to Rule 7037(b) of the Federal Rules of Bankruptcy Procedure.

Turning to the Motion for Leave to File Amended Complaint filed by the Plaintiff, on November 26, 2002, the Court finds that, in his Motion, the Plaintiff seeks to file an amended complaint adding two additional counts objecting to the Defendant/Debtor's discharge in bankruptcy pursuant to the provisions of 11 U.S.C. §§ 727(a)(3) and (5). In considering the Plaintiff's Motion, the Court finds that it must be denied. Pursuant to Rule 4004 of the Federal Rules of Bankruptcy Procedure a complaint objecting to the debtor's discharge under 11 U.S.C. § 727(a) must be filed no later than 60 days after the date of the first date set for the meeting of creditors under 11 U.S.C. § 341(a), and that date is clearly designated in the Order for Relief sent to all creditors upon the filing of the bankruptcy under Chapter 7 of the Bankruptcy Code. In the instant case, the time period within which complaints under 11 U.S.C. § 727(a) can be filed has long passed. Pursuant to Rule 4004(b), the time to file a complaint objecting to discharge may only be extended where a motion has been filed prior to the expiration of the time period requesting such an extension. There being no such motion in this case, the Court has no choice but to deny the Plaintiff's Motion for Leave to File Amended Complaint. The Court would further note that the filing of an complaint to determine dischargeability under 11 U.S.C. § 523(a), within the proper time frame, cannot be used to relate back a late filing under 11 U.S.C. § 727(a). Therefore, the Plaintiff is left to litigate only his present Complaint under 11 U.S.C. § 523(a)(6).

### ORDER

For the reasons set forth in an Opinion entered on the 19th day of December 2002;

IT IS HEREBY ORDERED that:

A. The Motion to Compel Response to Discovery Request filed by the Plaintiff on November 7, 2002, is *ALLOWED*, with the Defendant/Debtor directed to make every effort to cooperate with and comply with the requests for documentation and information previously made by the Plaintiff;

B. Sanctions are entered against the Defendant/Debtor for his failure to cooper-

ate in the Plaintiff's discovery requests in the amount of $500 to be paid to Plaintiff's attorney as and for attorney's fees within 15 days of the date of this Opinion and Order;

C.   Deliberate failure on the part of the Defendant/Debtor to fully cooperate and comply with discovery requests of the Plaintiff following the date of this Opinion and Order may result in further sanctions, including, but not limited to, the entry of a default judgment pursuant to the provisions of Rule 7037 of the Federal Rules of Bankruptcy Procedure;

D.   The Motion for Leave to File Amended Complaint filed by the Plaintiff on November 26, 2002, is *DENIED;* and,

E.   A telephone conference call will be held in this matter on January 14, 2003, at 8:30 a.m., to determine the status of discovery proceedings in this matter and to schedule a new trial date.